[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, which was filed on March 9, 1990, the plaintiff seeks a dissolution of marriage, custody and support for a minor child, an assignment of the defendant's interest in real estate, an equitable distribution of the parties' assets, and such other relief as the Court deems equitable.
After trial, at which both parties, who were represented by counsel testified, the Court makes the following findings and orders:
The parties intermarried on April 5, 1986 at Las Vegas, Nevada. The defendant, who was previously married, has a son from his prior marriage who is fifteen (15) years old. The parties have lived continuously within Connecticut for longer then one (1) year before this action was filed.
There is one minor child issue of the marriage, JARED J. CT Page 4672 OPALACH, born March 17, 1988 and neither party is receiving financial assistance from any governmental agency.
The parties argued frequently during most of the marriage, often about finances, life-styles and spending habits. According to the plaintiff, marital relations ended when the defendant learned she was pregnant. (The defendant claims there were relations, although infrequent). Based on the stormy marriage and the present attitudes of the parties, the Court finds the marriage to be irretrievably broken.
The marriage is ordered dissolved accordingly.
The Court deems that joint custody would very likely be detrimental to the emotional well-being of the child. Joint custody (as requested by the defendant) contemplates joint decision making on matters concerning the child's development and welfare. Amicable discussion on such matters appear improbable. The plaintiff's parenting is appropriate and joint custody is neither necessary nor beneficial. The plaintiff wife shall have custody of the minor child.
The defendant shall have reasonable visitation which shall include alternating weekends (Saturday through Sunday), each Tuesday evening, alternating legal holidays, Father's Day, and two weeks vacation each calendar year.
The plaintiff shall not change the residence of the child outside the State of Connecticut without giving at least sixty (60) days notice, in writing, to the defendant.
The defendant shall pay the sum of $170.00 per week for support of the minor child, said order to be enforced by an Order for Immediate Wage Withholding (P.A. 89-302).
The defendant shall pay one half of the cost of providing day care for the minor child, with his share not to exceed the sum of $50.00 per week.
The defendant shall maintain the minor child on his medical/dental insurance policy through his employment subject to the provisions of Sec. 46b-84 (c), of the Conn. Gen. Stats. The parties shall share equally the costs of any unreimbursed medical or dental expenses for said minor child.
In determining the requests of the parties as to the distribution of assets, the Court has, in addition to the evidence and financial affidavits, considered the provisions of Sections 46b-81 and 46b-82 of the Conn. Gen. Stats. CT Page 4673
This marriage is of relatively short duration. The wife assesses the blame for the breakdown on the husband, claiming, inter-alia, that she believed he was having extra-marital affairs (the evidence, however, does not support such a finding); that he continued to spend an inordinate amount of time in leisure activities such as sailing, softball and soccer; that he was frequently out late and contributed little time to family needs. The husband claims the wife was an extravagant spender; was unjustifiably jealous, rarely cooked and spent most of her time and money on her personal interests.
It appears to the Court that incompatibility and a lack of concern on the part of each party to appreciate the needs of the other, is the principal cause of their disharmony.
The parties jointly own a residence located at 62 Somerset Drive, Manchester. Its market value is $180,000.00 and it is subject to a mortgage of $140,000.00. This property was purchased primarily with funds from the defendant's mother. When they were first married, the defendant's mother provided the down payment for a condominium. That was later sold at a profit and the parties purchased the Somerset Drive home. Since this asset was derived primarily from the defendant's monies (obtained from his mother), the Court orders that the plaintiff shall quit-claim to the defendant all of her right, title and interest in and to the property located at 62 Somerset Drive, Manchester, Connecticut, subject to the existing first mortgage for which the defendant shall hold the plaintiff harmless.
The defendant claims he owes his mother $36,000.00 which he borrowed to purchase the condominium and the house. There is no note or other corroboration of indebtedness, and while the defendant claims, she needs the money and he wants to repay it as soon as possible, his concern is belied by the fact that earlier in 1990, he purchased a new automobile by using funds from his profit sharing plan and a $21,000.00 car loan, although he has the privilege of a company car and has a 1972 Mercedes as well. If any money is owed to his mother, the defendant shall be responsible for it.
The defendant shall name the minor child as irrevocable beneficiary on a life insurance policy in the amount of $150,000.00, until said child reaches 18 years of age. The defendant shall furnish the plaintiff with proof of said insurance policy annually upon request of the plaintiff.
The defendant shall retain the 1972 Mercedes and the CT Page 4674 1990 Oldsmobile, and shall hold the plaintiff harmless in connection with any liens on said automobiles.
The 1989 Nissan was leased for the plaintiff's use. She shall retain the Nissan and hold the defendant harmless in connection with any costs for said automobile.
The defendant shall be responsible for payment of a jointly held MasterCard debt of approximately $2000.00. Other debts listed on the financial affidavits shall be the responsibility of the party to whom said debts are listed
The plaintiff, a college graduate, is presently employed as a sales representative. She earns $654.00 per week (gross) and nets $490.00 and is provided with a company car. She is a joint owner of a condominium in Phoenix, Arizona with her share of the equity being $7500.00. Her major asset is a 401K plan of approximately $21,000.00
The defendant's income is in excess of $1000.00 per week (gross) and over $700.00 net. His equity in the Somerset Drive property is $40,000 as a result of the orders herein. His 401K plan with Aetna is valued at $117,000.00.
In addition, the defendant's mother has quit-claimed the home in which she resides at 164 Henry Street, Manchester, to him. That deed is not recorded and his mother pays the taxes and upkeep on the property. The defendant derives no income from it. The house is a 3 bedroom colonial with living room and dining room. The defendant omitted this property from his financial affidavit and his testimony that he does not recall how he obtained the deed is not worthy of credibility. Accordingly, there is no evidence as to the circumstances of this asset. Legally, the defendant, as grantee, has ownership rights over those of the grantor and he has offered no explanation which would clarify what the purpose and intent of this deed is.
He also claims that since 1979 he has been putting $50.00 per week into his 401K plan which amount is earmarked for the college education his older son. He claims this is being done by agreement with his prior wife and is in lieu of Court ordered support payments of $50.00 per week.
In light of his other testimony, the Court is skeptical that such an agreement in fact exists. Its enforceability is questionable at best.
While the plaintiff now has employment comparable to the job she had before the child was born, she has sustained a CT Page 4675 diminution or interruption in the accumulation of assets as a result of changing jobs. She will have the primary burden of rearing the minor child, and also has to arrange for independent living at the present time.
The defendant shall pay to plaintiff the sum of $25,000.00 as lump sum alimony within sixty (60) days.
Each party shall pay his/her own counsel fees.
KLACZAK, J.